**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

JESSE GUNTER ANDERSON, JR.,

         Plaintiff,

    v.

SERGEANT TARVER,

         Defendant.

CIVIL ACTION NO.: 6:17-cv-148

<u>**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Plaintiff, while incarcerated at Georgia State Prison in Reidsville, Georgia, brought this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement. Doc. 1. Plaintiff also asks the Court for leave to amend his Complaint. Doc. 9. Having considered this request, the Court **GRANTS** Plaintiff's Motion to Amend, doc. 9.[1] After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment and equal protection claims. Next, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Dozier and Defendant Meriwhether entirely and **DISMISS** Plaintiff's claims for money damages against Defendant Tarver in her official capacity. I also **RECOMMEND** the Court **DISMISS** Plaintiff's requests for compensatory and punitive damages pursuant to § 1997e(e). The Court, however, **FINDS** Plaintiff sets forth a non-frivolous retaliation claim against Defendant Tarver in her individual capacity.[2] Consequently, a copy of

---

[1] The Court **ORDERS** the Clerk of Court to update the docket to reflect the addition of Defendant Dozier and Defendant Meriwhether. Doc. 9 at 1–2.

[2] In his Motion to Amend, doc. 9, Plaintiff writes that, since filing his Complaint, he "has determined the correct spelling of the Defendant's name to be Tarver (Sergeant Tarver)." Doc. 9 at 1. He asks to amend his Complaint, in part, "to reflect the identity and actions of . . . Sergeant Tarver." <u>Id.</u> at 1–

Plaintiff's Complaint, doc. 1, a copy of Plaintiff's Amended Complaint, doc. 9, and a copy of this Order shall be served upon Defendant Tarver by the United States Marshal without prepayment of cost.

## BACKGROUND[3]

On or around July 3, 2017, Plaintiff was transferred to Georgia State Prison for medical treatment.  Doc. 1 at 5.  Dr. Paul King, who is not named as a Defendant in this action, performed a neurological operation on Plaintiff around June 5, 2017 which left Plaintiff with hemiparesis (weakness on one side of his body).[4]  Id.  Plaintiff requires a cane to move around and cannot perform various physical tasks, such as carrying his own food tray, without assistance.  Id. at 5–6.  Plaintiff alleges that since his arrival at Georgia State Prison, Defendant Tarver has continually harassed and insulted him and denied Plaintiff assistance in performing various tasks which Plaintiff cannot perform for himself due to his disability.  Id. at 5–7.

Plaintiff details several incidents of threats and verbal harassment from Defendant Tarver (including profanity and racial slurs directed at Plaintiff) for which he seeks redress.  Id. at 5–7.  At least some of this harassment occurred when Plaintiff's disability hindered his ability to physically comply with Defendant Tarver's orders.[5]  Id.  Plaintiff alleges that other staff

---

2. Because the Court grants Plaintiff leave to amend, the Court will refer to the Defendant originally named as Defendant Carver as Defendant Tarver throughout this Order and Report and Recommendation.  Accordingly, the Court **DIRECTS** the Clerk of Court to amend the docket and record of this case to reflect that "Defendant Tarver" is the correct name of "Defendant Carver."

[3]      During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[4]      Plaintiff's need for surgery arose from Plaintiff's "attempt to rescue a staff [member] from a sexual assault [by] another inmate."  Doc. 1 at 5.  Upon intervening, the unnamed inmate attacked Plaintiff "about the head several times" and caused injuries which left Plaintiff permanently handicapped and in need of continual and ongoing medical treatment.  Id.

[5]      For example, according to Plaintiff, Defendant Tarver threatened to "kick [Plaintiff's] old ass down the stairs because [Plaintiff] was moving to[o] slow."  Id. at 5.

2

members and inmates witnessed Defendant Tarver's harassment of him and that he had

"numerous" informal discussions about the harassment with Defendant Tarver's supervisor as

well as the ombudsman from the Georgia Department of Corrections.  Id. at 5–6.  Plaintiff also

alleges that Defendant Tarver retaliated against him after he filed a grievance about her treatment

of him in August 2017.  Id.  Plaintiff alleges that, after filing the grievance Defendant Tarver,

refused to assist Plaintiff or to allow other inmates to assist Plaintiff with physical tasks (such as

carrying a food tray) which Plaintiff cannot perform by himself.  Id.

Specifically, Plaintiff alleges that around 6:00 a.m. on November 4, 2017, Defendant

Tarver was supervising the inmates in Plaintiff's assigned dormitory as they went to the kitchens

for breakfast.[6]  Id. at 6–7.  Plaintiff alleges Defendant Tarver stated that, due to the grievance

Plaintiff filed against her, Plaintiff would "not eat breakfast" and forbade other inmates from

"assist[ing] Plaintiff with his breakfast."  Id.  When Plaintiff approached Defendant Tarver and

asked her to help him with his food tray, Defendant Tarver replied, "Fuck you."[7]  Id.  Around

7:00 a.m., Defendant Tarver ordered Plaintiff "to return to his housing unit without morning

breakfast" and threatened to move him to the G-Unit.  Id.  Finally, Plaintiff asserts that

Defendant Tarver is part of a well-organized network of prison officials "known to bring

contraband to prison gang members" and that he is in fear for his life due to his belief that

Defendant Tarver will somehow use her role in this network to provoke other inmates to attack

him.  Id.

As relief, Plaintiff requests a declaratory judgment that Defendant Tarver violated his

Fourth, Fifth, Eighth, and Fourteenth Amendment rights as well as "other state and

---

[6]      On weekends, inmates only receive two meals—breakfast and dinner.  Id. at 6.

[7]      Plaintiff also asked Sergeant Johnson, a coworker of Defendant Tarver and who is not named as a
Defendant in this action, for help with his food tray.  Id. at 5.

administrative laws and mandates."**[8]** Id. at 8.  Additionally, he requests the Court require

Defendant Tarver undergo a psychiatric evaluation and that she be immediately removed from

all job duties where "prisoners, especially handicap[ped] prisoners" are present.  Id.  Finally,

Plaintiff requests compensatory damages for pain and suffering in the amount of one million

dollars against Defendant Tarver in her official capacity and, as punitive damages from

Defendant Tarver in her individual capacity, that $150.00 per week from Defendant Tarver's

salary be donated to the prison law library for the remainder of Defendant Tarver's career.[9]  Id.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the

Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff

submits an affidavit that includes a statement of all of his assets, shows an inability to pay the

filing fee, and also includes a statement of the nature of the action which shows that he is entitled

---

[8]     The facts in Plaintiff's Complaint potentially suggest a claim under the Americans with Disability Act ("ADA").  42 U.S.C. § 12101 *et seq*.; see, e.g., Bircoll v. Miami-Dade County, 480 F.3d 1072, 1081 (11th Cir. 2007) ("[A] disabled prisoner can state a Title II-ADA claim if he is denied participation in an activity provided in state prison by reason of his disability.").  However, Plaintiff only asserts constitutional violations under § 1983.  Doc. 1 at 1–6.  Plaintiff mentions "other state and administrative laws and mandates" when describing his sought-after relief, but he does not mention violations of any other federal laws, including the ADA.  Id. at 6.  Because of the lack of a specific reference to the ADA or any general allegations of federal law violations, Plaintiff's Complaint cannot be construed to allege an ADA violation.  To the extent Plaintiff seeks to assert a claim under the ADA, he can only do so by properly amending his Complaint.

[9]     Plaintiff writes that he seeks "punitive damages for pain and suffering."  Doc. 1 at 8.  However, damages for pain and suffering are generally considered compensatory, not punitive, damages.  See, e.g., Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000) (observing that "compensatory damages may be awarded based on physical pain and suffering").  Notably, courts must "liberally construe documents filed by pro se parties" in order to "to create a better correspondence between the substance of a pro se [pleading]'s claim and its underlying legal basis."  Torres v. Miami-Dade County, 734 F. App'x 688, 691 (11th Cir. 2018) (quoting Castro v. United States, 540 U.S. 375, 381–82 (2003)).  "Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations."  Id.  In accordance with this principle, the Court considers Plaintiff's request for "punitive damages for pain and suffering" against Defendant Tarver in her official capacity to be a request for compensatory, not punitive, damages.

to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.    Plaintiff's Motion to Amend

On October 25, 2018, Plaintiff filed a Motion asking the Court to grant him leave to amend his Complaint. Doc. 9. "A plaintiff has a right to amend a complaint once as a matter of course so long as no responsive pleading has been filed." Toenniges v. Georgia Dep't of Corr., 502 F. App'x 888, 889 (11th Cir. 2012). "[P]arties may be added or dropped when an amendment is made to a complaint as a matter of course." McLellan v. Miss. Power & Light Co., 526 F.2d 870 (5th Cir. 1976), *modified on other grounds*, 545 F.2d 919 (5th Cir. 1977); Henry v. Youngstown Buick/Pont/GMAC Truck Co., No. 1:11-cv-3464, 2012 WL 13009227, at *1 (N.D. Ga. May 30, 2012); Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc., 750

F. Supp. 487, 493 (M.D. Fla. 1990).  While a represented party "waives his right to amend his complaint as a matter of course when . . . counsel files an unnecessary motion for leave to amend," a pro se litigant retains the right to amend without court permission even when leave of court is improperly requested.  Hoke v. Lyle, 716 F. App'x 930, 931 (11th Cir. 2018); Toenniges, 502 F. App'x at 889; Dollar v. Coweta Cty. Sheriff Office, 446 F. App'x 248, 249 n.1 (11th Cir. 2011); Brown v. Johnson, 387 F.3d 1344, 1348–49 (11th Cir. 2004).  Thus, because Plaintiff's Complaint has "not yet been served" on any Defendant and no Defendant has filed a responsive pleading, Plaintiff may amend his Complaint once as a matter of course without requesting permission from the Court.  Toenniges, 502 F. App'x at 890; Oliver v. Fuhrman, 695 F. App'x 436, 439 (11th Cir. 2017); see also Fed. R. Civ. P. 15(a)(1).

In his Motion, Plaintiff requests leave of court to "file an Amended Complaint adding some parties and correcting the spelling of a Defendant."[10]  Doc. 9 at 1.  In his Motion, Plaintiff writes that he filed his Complaint against one Defendant—"Defendant Carver"—but that he has since learned that the correct spelling of that Defendant's name is Defendant Tarver.  Id. at 1. Plaintiff also asks to add two additional Defendants: Gregory Dozier, the former Commissioner of the Georgia Department of Corrections; and Officer Meriwhether, a Department of Corrections' employee at Autry State Prison in Pelham, Georgia.  Id. at 2.  In consideration of these facts, the Court **GRANTS** Plaintiff leave to amend.

---

[10]      While Plaintiff did not file a proposed Amended Complaint with his Motion, the Court deems Plaintiff's Complaint amended as of the issuance of this Order.  See Carter v. Church, 791 F. Supp. 297, 298 (M.D. Ga. 1992) ("[A]n amended complaint [must] be filed after leave to amend is granted, unless the court specifically rules otherwise by including in its order language to the effect that the complaint is deemed amended.").  Additionally, the Court finds that, construed liberally, Plaintiff's reference to his original Complaint in his Motion to Amend is sufficient to adopt and incorporate the statements made in his first Complaint.  Doc. 9 at 2; see Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982))).

## II.    Defendant Meriwhether

To state a claim against a defendant, a plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 "does not require 'detailed factual allegations,'" to successfully state a claim, a complaint must bring "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Moreover, the complaint must do more than simply allege facts—it must show that each named defendant was involved in at least one of the purported violations asserted as claims.  See id. at 678 (noting that complaints must allege enough facts to show "more than a sheer possibility that a defendant has acted unlawfully"); Oliver v. Conner, No. 5:11-cv-72, 2011 WL 3878351, at *1 (S.D. Ga. Aug. 2, 2011) (recommending dismissal when "[p]laintiff ma[d]e[] no factual allegations in his Complaint against the named [d]efendants").

Here, Plaintiff adds Officer Meriwhether, an employee at Autry State Prison, as a Defendant.  Doc. 9.  However, Plaintiff's Complaint relates to actions which occurred at Georgia State Prison.  Doc. 1.  Nowhere in Plaintiff's pleadings does he assert any action or inaction performed by Defendant Meriwhether.  Thus, Plaintiff fails to state a claim against Defendant Meriwhether.  Consequentially, I **RECOMMEND** the Court **DISMISS** Defendant Meriwhether as a named Defendant in this action.

## III.    Defendant Dozier

Plaintiff asserts claims against Defendant Dozier, the former Commissioner of the Georgia Department of Corrections.  In § 1983 actions, liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d

797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  <u>Braddy</u>, 133 F.2d at 802.  In the Eleventh Circuit:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

<u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011) (citing <u>West v. Tillman</u>, 496 F.3d 1321, 1328 (11th Cir. 2007)).

Plaintiff has failed to allege any facts supporting a § 1983 claim against Defendant Dozier.  Plaintiff alleges he had several informal conversations with Defendant Tarver's supervisors about Defendant Tarver's alleged harassment of Plaintiff, but does not allege that he brought these concerns to Defendant Dozier's attention.  Doc. 1 at 5.  Plaintiff does not claim that he spoke with Defendant Dozier personally, and he does not allege any facts showing that Defendant Dozier had personal knowledge of Defendant Tarver's alleged harassment or that Dozier directed or knowingly failed to prevent it.  <u>Id.</u>  Finally, nothing in Plaintiff's Complaint supports a finding that a custom or policy caused the rights violations of which he complains or that Defendant Dozier was otherwise on notice of possible violations due to a history of widespread abuse.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Dozier.

## IV.    Defendant Tarver: Official Capacity § 1983 Claims

Plaintiff cannot sustain a § 1983 claim for monetary relief against Defendant Tarver in her official capacity.  States are immune from private suits pursuant to the Eleventh Amendment

and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).

Section 1983 does not abrogate the well-established immunities of a state from being sued

without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a

lawsuit against a state officer in her official capacity is "no different from a suit against the

[s]tate itself," such a defendant is immune from being sued for money damages under § 1983.

Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendant

Tarver in her official capacity as an employee of the Georgia Department of Corrections.

Accordingly, the Eleventh Amendment immunizes Defendant Tarver from being sued in her

official capacity and, absent a waiver of that immunity, Plaintiff cannot sustain any constitutional

claims for money damages against Defendant Tarver in her official capacity.  See Free v.

Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Therefore, I **RECOMMEND** the Court

**DISMISS** all claims for money damages against Defendant Tarver in her official capacity.

## V.        Defendant Tarver: Individual Capacity § 1983 Claims

### A.        Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall

"deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend.

XIV, § 1.  At heart, the Equal Protection Clause "is essentially a direction that all persons

similarly situated should be treated alike."  Flournoy v. Duffie, No. 1:10-cv-104, 2012 WL

4378099, at *5 (M.D. Ala. Sept. 7, 2012) (quoting Spence v. Zimmerman, 873 F.2d 256, 261

(11th Cir. 1989)).  To state a valid equal protection claim, a prisoner must show: (1) that he has

been treated differently from other "similarly situated" inmates; and (2) that this discriminatory

treatment is based upon a constitutionally impermissible basis.  Jones v. Ray, 279 F.3d 944, 946–

47 (11th Cir. 2001).  Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose.  Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega Cty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate that the challenged action was motivated by an intent to discriminate in order to establish an equal protection violation).

Here, Plaintiff's equal protection claim fails because Plaintiff does not allege that he was treated differently from any other "similarly situated" inmates, nor does he allege Defendant Tarver intentionally discriminated against him because of his disability.  Jones, 279 F.3d at 946–47; Muhammad v. Sapp, 388 F. App'x 892, 899 (11th Cir. 2010) (dismissing an equal protection claim when the plaintiff-inmate claimed that the prison "provided kosher meals to Jewish inmates but did not provide halal meals to Muslim inmates" because the plaintiff still failed that "the prison's decision . . . was the product of intentional discrimination").  Rather, Plaintiff writes that he "did not know why" Defendant Tarver "was going out of her way to offend and deprive Plaintiff of known constitutional rights."[11]  Doc. 1 at 6; Taylor v. Jones, No. 2:10-cv-383, 2013 WL 5441757, at *10 (M.D. Ala. Sept. 27, 2013) ("Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent."); Malone v. Butler, No. 6:11-cv-00453, 2012 WL 4009345, at *4 (N.D. Ala. Aug. 20, 2012), (recommending dismissal when a "plaintiff has failed to allege facts which show that he is or has been subject to

---

[11]     At most, Plaintiff's allegations suggest Defendant Tarver was targeting him because he had filed grievances against her.  Such animus forms the basis for Plaintiff's retaliation claim, described below, but it does not support a claim under the Equal Protection Clause.

discrimination *based on his disability*" (emphasis added)).  For these reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's equal protection claim.

> ### B.      Eighth Amendment Claim

Plaintiff's claim that Defendant Tarver refused to let other inmates help him carry his food tray, causing Plaintiff to miss breakfast (one of the two daily meals the prison provided on weekends) implicates the Eighth Amendment, but it does not state a claim upon which relief may be granted.[12]  Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, courts must examine the alleged violation both objectively and subjectively.  "First, the deprivation alleged must be, objectively, sufficiently serious."  Id. (quotation omitted).  Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety."  Id. (quotation omitted).

---

[12]      Notably, Plaintiff's allegations of verbal harassment, threats, and taunts do not create a constitutional violation.  Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim."); see also Allen v. Stevens, No. 3:12-cv-334, 2012 WL 4510866, at *2 (N.D. Fla. Sept. 10, 2012) (collecting cases).  Plaintiff pleads no facts (other than the deprivation of breakfast) which demonstrate that Defendant Tarver physically harmed him or acted upon her threats, nor does he show Defendant's comments placed him in greater danger of violence from other inmates.  Lindsey v. Estes, No. 4:17-cv-2045, 2018 WL 6981243, at *4 (N.D. Ala. Nov. 20, 2018) (noting that. while defendant's "alleged threats and harassment were inappropriate and upset the plaintiff," plaintiff never alleged that defendant "attempted to carry out his threats or physically harmed the plaintiff").  Moreover, while Plaintiff asserts Defendant Tarver's constant verbal harassment caused him to fear for his life, doc. 1 at 5–7, Plaintiff's subjective response alone cannot support an Eighth Amendment claim.  See Lopez-Canada v. Carroll, No. 5:13-cv-217, 2015 WL 7731435, at *7 (N.D. Fla. July 30, 2015) (noting that, while "some types of verbal abuse . . . may constitute a violation of the Eighth Amendment," determining whether a threat or verbal abuse constitutes an Eighth Amendment violation "cannot be predicated solely on an inmate's subjective reaction to that language," as this type of subjective test "would be unworkable in a prison environment").

The "[w]ithholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution." Adair v. Okaloosa Cty. Jail, No. 3:07-cv-425, 2008 WL 564616, at *2 (N.D. Fla. Feb. 27, 2008) (citing Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999)). Rather, "[t]he circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred." Id. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." Id. (quoting Deapain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001)); see also Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (noting the "Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health" but finding that "[w]hether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation").

Receiving "a minimal amount of food for a limited number of days" is not an Eighth Amendment violation. Oliver v. Gafford, No. 5:15-cv-153, 2018 WL 1938308, at *8 (N.D. Fla. Jan. 19, 2018) (quoting Hernandez, 281 Fed. App'x at 865); see, e.g., Hernandez, 281 F. App'x at 866 (affirming dismissal for failure to state a claim when the plaintiff was routinely deprived of lunch "five days a week for about five months" when the plaintiff was not "deprived of the two other daily meals" and did not allege "physical harm" from the deprivation of food which "posed an unreasonable risk of serious damage to his health"); Berry v. Brady, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding no Eighth Amendment violation in denying an inmate eight meals over seven months and noting that plaintiff failed to allege specific physical harm and did

13

not claim that he lost weight, suffered other adverse physical effects, that his health was at risk); Gardner v. Beale, 780 F. Supp. 1073 (E.D. Va. 1991) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard).

"[C]ourts that have found constitutional violations when inmates were deprived of food have done so only when presented with more serious violations." Adair, 2008 WL 564616 at *3; see, e.g., Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998) (finding a viable Eighth Amendment claim when plaintiffs, during a 32-hour confinement, "missed four consecutive meals because their wheelchairs could not reach the food tray slots" and "were unable to have a bowel movement" because of the lack of "the necessary supplies or assistance"); Cooper v. Sheriff of Lubbock Cty., 929 F.2d 1078 (5th Cir. 1991) (finding unconstitutional the prison's failure to feed a prisoner any food for 12 consecutive days); Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (finding a viable Eighth Amendment claim when a prisoner was denied any food for over 50 hours); Lunney v. Brureton, No. 04-cv-2438, 2005 WL 121720, at *6 (S.D.N.Y. Jan. 21, 2005) (finding an inmate's allegations that his meals were regularly spoiled or improperly prepared on "numerous occasions" and the inmate could either eat the meals and become sick or not eat and suffer from malnutrition, satisfied the Eighth Amendment's objective component).

The one-time denial of breakfast for which Plaintiff seeks relief does not show a violation which, viewed objectively, is sufficiently serious to implicate the Eighth Amendment. Surles v. Cater, No. 5:13-cv-116, 2014 WL 5574748, at *3 (S.D. Ga. Oct. 30, 2014) (finding no Eighth Amendment violation when "Plaintiff went without his morning meal on one . . . occasion"). Additionally, Plaintiff does not allege that he suffered any adverse physical effects from missing

the breakfast.  Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim against Defendant Tarver.

### C.      First Amendment Retaliation Claim

Plaintiff alleges that Defendant Tarver retaliated against him after he filed a grievance against her.  Doc. 1 at 5–6.  "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."  O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)).  It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints.  Id.  "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech."  Id.  To state a retaliation claim, a plaintiff must allege the following elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech."  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Here, Plaintiff alleges Defendant Tarver retaliated against him after he filed a grievance against her.  Doc. 1 at 5–6.  Filing a grievance is constitutionally protected speech.  Smith, 532 F.3d at 1276.  Additionally, the retaliation Plaintiff asserts—including denial of meals and threats of transfer to another, more restrictive housing dormitory—constitutes a non-frivolous

showing that a prisoner of "ordinary firmness" may have been deterred from exercising his First

Amendment rights based on the alleged actions of Defendant Tarver.  Bennett v. Hendrix, 423

F.3d 1247, 1250, 1254 (11th Cir. 2005) (observing that the "adverse effect" depends on the

context of the alleged action and focuses on "the status of the speaker, the status of the retaliator,

the relationship between the speaker and the retaliator, and the nature of the retaliatory acts"

(citing Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999))).  Thus, Plaintiff has alleged a

non-frivolous First Amendment retaliation claim against Defendant Tarver.

**VI.    Compensatory and Punitive Damages Under § 1997e(e)**

For Plaintiff's § 1983 claim that is not subject to dismissal (Plaintiff's First Amendment

retaliation claim against Defendant Tarver in her individual capacity), certain categories of relief

are unavailable as a matter of law.  Specifically, Plaintiff may recover nominal damages on this

claim, but he cannot recover compensatory or punitive damages.

"Section 1997e(e) of the [Prisoner Litigation Reform Act ("PLRA")] bars prisoner civil

actions for 'mental or emotional injury suffered while in custody without a prior showing of

physical injury.'"  Young v. Smith, No. 6:17-CV-131, 2018 WL 3447179, at *14 (S.D. Ga. July

17, 2018); see also 42 U.S.C. § 1997e(e); Al-Amin v. Smith, 637 F.3d 1192, 1197 n.5, 1199 &

n.9 (11th Cir. 2011) (finding that § 1997(e) bars monetary damages for all constitutional claims

in absence of a physical injury); Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009)

("[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused

by the defendant and cannot be presumed or based on the abstract value of the constitutional

rights that the defendant violated." (emphasis omitted)).

However, "[w]hile § 1997e(e) precludes a prisoner from seeking compensatory or

punitive damages without a prior showing of physical injury, it does not preclude a prisoner from

seeking nominal damages." <u>Hale v. Sec'y for Dep't of Corr.</u>, 345 F. App'x 489, 492 (11th Cir. 2009) (finding the trial court erred in not liberally construing a pro se prisoner's complaint to determine whether the plaintiff sought nominal damages for a retaliation claim); <u>see</u> <u>Brooks v. Warden</u>, 800 F.3d 1295, 1307 (11th Cir. 2015); <u>Oliver v. Falla</u>, 258 F.3d 1277, 1282 (11th Cir. 2001).  "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." <u>Hughes v. Lott</u>, 350 F.3d 1157, 1162 (11th Cir. 2003) (remanding for a determination as to whether a plaintiff-inmate was entitled to nominal damages); <u>see also</u> <u>Jackson v. Hill</u>, 569 F. App'x 697, 699 (11th Cir. 2014) ("[T]he district court should have considered whether Jackson could recover nominal damages despite his failure to request that relief[.]").

Here, the Court finds that § 1997e(e) bars Plaintiff from recovering compensatory and punitive damages, but Plaintiff may still be able to obtain nominal damages and other requested relief.  While Plaintiff claims Defendant Tarver continually threatened and harassed him and deprived him of access to food, among other things, Plaintiff does not allege Defendant's conduct resulted in a physical injury.  Thus, he cannot sustain a request for compensatory or punitive damages under § 1997e(e).

However, in his Complaint, Plaintiff also requested a declaratory judgment and injunctive relief along with money damages.  Doc. 1 at 8.  Construed liberally, this amounts to a request for nominal damages.  <u>Williams</u>, 347 F. App'x at 436–37 (remanding to determine whether plaintiff's "*pro se* complaint should be liberally construed to request nominal damages" when plaintiff requested "requested both monetary and injunctive relief" (citing Fed. R. Civ. P. 54(c))); <u>Hale</u>, 345 F. App'x at 492.  Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's requests for

compensatory and punitive damages in accordance with § 1997e(e).  Plaintiff's requests for

nominal damages and other forms of equitable relief against Defendant Tarver shall proceed.

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Amend, doc. 9.  I **RECOMMEND** the Court

**DISMISS** Plaintiff's Eighth Amendment and equal protection claims, Plaintiff's claims against

Defendant Dozier and Defendant Meriwhether, Plaintiff's claims against Defendant Tarver in her

official capacity, and Plaintiff's requests for compensatory and punitive damages.  However, as

stated above, Plaintiff's retaliation claim against Defendant Tarver shall proceed against

Defendant Tarver in her individual capacity.  Consequently, a copy of Plaintiff's Complaint,

doc. 1, Amended Complaint, doc. 9, and a copy of this Order shall be served upon Defendant

Tarver by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to

file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included.  Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be

served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United

States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendant by first-class mail and request that defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and

advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendant shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or her counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 et seq.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in

connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any

question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.  Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion."  Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any

material fact in this case.  That burden cannot be carried by reliance on the conclusory

allegations contained within the complaint.  Should Defendant's motion for summary judgment

be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth

specific facts showing that there is a genuine dispute for trial, any factual assertions made in

Defendant's affidavits will be accepted as true and summary judgment may be entered against

Plaintiff pursuant to Federal Rule of Civil Procedure 56.

     **SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of May, 2019.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA